

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00355-CR

**GARY CAREY, APPELLANT**

**V.**

**STATE OF TEXAS, APPELLEE**

On Appeal from the 361st District Court of
Brazos County, Texas
Trial Court No. 15-01005-CRF-361, Honorable Steve Smith, Presiding

March 11, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Gary Carey appeals the trial court's judgment convicting him of theft of property valued between $1,500 and $20,000. A Brazos County jury found appellant guilty of theft, and the trial court heard punishment, after which it imposed an enhanced punishment of six years' imprisonment. Appellant filed an appeal.[1]

---

[1] Because this appeal was transferred from the Tenth Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. *See* TEX. R. APP. P. 41.3.

Appellant's counsel has filed a motion to withdraw together with an *Anders* brief.[2] Through those documents, he certifies to the Court that, after diligently searching the record, the appeal is without merit. Accompanying the brief and motion is a copy of a letter sent by counsel to appellant informing the latter of counsel's belief that there is no reversible error and of appellant's right to file a response, pro se, to counsel's motion to withdraw and *Anders* brief. So too did counsel provide appellant with a copy of the appellate record as well as a motion to access the appellate record. By letter dated April 16, 2020, this Court notified appellant of his right to file his own brief or response by May 18, 2020, if he wished to do so. To date, no response has been received, nor has a motion to extend any deadlines by which to file a pro se response.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed potential areas for appeal. Those areas included 1) whether the evidence was sufficient to support appellant's conviction, 2) whether any error might be associated with the absence of trial court's oral findings on enhancement allegations, and 3) whether the three judgments *nunc pro tunc* that followed the original judgment were proper. Ultimately, counsel concluded, none of the foregoing topics presented any arguable issues. We conducted our own review of the record to assess the accuracy of counsel's conclusions and to uncover arguable error pursuant to *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008), and *Stafford v. State*, 813 S.W.2d 503, 508 (Tex. Crim. App. 1991) (en banc). No issues of arguable merit were discovered.

However, our review did reveal an additional clerical error in the third judgment *nunc pro tunc* dated October 11, 2019. In that judgment, the offense for which appellant

---

[2] *See Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

was convicted is denoted as "THEFT PROPERTY $1,5000 – $20,000." The record reveals that appellant was convicted of property valued between $1,500 and $20,000, and this valuation is consistent with the amounts outlined in the Texas Penal Code at the time of the offense. *See* former TEX. PENAL CODE ANN. § 31.03(e)(4)(A) (prior to 2015 amendments which changed the applicable values, providing that the offense is a state jail felony if the value of the property is $1,500 or more but less that $20,000). The comma placement, the record, and the applicable law all indicate that this is a mere clerical error in the judgment. The Court has the authority to modify a trial court's judgment to make the record speak the truth when it has the requisite data and information. *See* TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (en banc). We exercise that authority to effectuate this clarification and hereby modify the judgment to reflect that appellant was convicted of the offense of theft of property with a value of more than "$1,500" but less than $20,000.

Accordingly, counsel's motion to withdraw is granted, and the judgment is affirmed as modified.[3]

Per Curiam

Do not publish.

---

[3] Appellant has the right to file a petition for discretionary review with the Court of Criminal Appeals.